IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | | |
|---|---|---|
| LATOYA R. MCCANTS and CHRISTOPHER REED, | ) ) ) | |
| Plaintiffs, | ) ) | No. 06 C 6556 |
| v. | ) ) | Judge Ronald A. Guzmán |
| C.H. ROBINSON WORLDWIDE, INC., | ) ) | |
| Defendant. | ) ) ) | |
| | ) ) | |
| LAURA J. JENEAULT, RICHELLE M. MAKI, NORBERT P. LUKACS, ADAM OLRICH and QUINTIN DALE OWENS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 06 C 6634 |
| v. | ) ) | Judge Ronald A. Guzmán |
| C.H. ROBINSON WORLDWIDE, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have sued C.H. Robinson Worldwide, Inc. ("CHRW") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claiming that it owes them overtime pay. CHRW has filed motions pursuant to 28 U.S.C. § ("section") 1404(a) to transfer the *McCants* case to the Western District of North Carolina and the *Jeneault* case to the Northern District of New York. For the reasons set forth below, the motions are granted.

**Discussion**

In relevant part, section 1404 states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district .

. . where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate under this section if: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000).

It is undisputed that jurisdiction and venue are proper both here and in the proposed transferee districts. Therefore, the Court will address only the third factor – the convenience of the parties and witnesses and the interest of justice.

To evaluate this factor, the Court must examine various private and public interests. *Saunders v. Franklin,* 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). The private interests concern the litigation's impact on the parties, and include: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience to the parties, and (5) the convenience of the witnesses." *Amoco Oil Co.,* 90 F. Supp. 2d at 960. The public interests concern the litigation's impact on the court system, and include "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 961-62.

**Plaintiff's Choice of Forum & Situs of Material Events**

A plaintiff's choice of forum is given significant weight, unless it has little connection to the events underlying the suit. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.,* 713 F. Supp. 1125, 1129 (N.D. Ill. 1989). Such is the case here. None of the plaintiffs resides in this district. (*See McCants* Compl. ¶¶ 5-6 (alleging that plaintiffs reside in North

Carolina); *Jeneault* Compl. ¶¶ 5-9 (alleging that four plaintiffs reside in New York and one resides in Georgia).) Further, the events underlying this case did not occur here. Plaintiffs' FLSA claims are based on CHRW's alleged misclassification of plaintiffs as exempt employees, and the resulting failure to pay them overtime, both of which occurred in the proposed transferee districts. (*See McCants* Compl. ¶¶ 5-6 (alleging that plaintiffs worked in CHRW's Charlotte, North Carolina branch); *Jeneault* Compl. ¶¶ 5-9 (alleging that plaintiffs worked in CHRW's Syracuse, New York branch)); *Carlson v. C.H. Robinson Worldwide, Inc.*, Nos. 02-3780 (JNE/JJG) & 02-4261 (JNE/JJG), 2006 WL 2830015, at *1 (D. Minn. Sept. 26, 2006) (stating in the context of an identical suit, that "[b]ranch managers are responsible for determining whether an employee is paid on a salaried or hourly basis and whether employees are classified as exempt under the FLSA"). Because this district is not where plaintiffs reside or where the material events occurred, plaintiffs' choice of forum receives little deference. Thus, taken together, the forum choice and situs of material events factors favor transferring the cases.

**Relative Ease of Access to Proof**

The documentary evidence, though located in New York and North Carolina, is easy to transport. Thus, this factor has no impact on the analysis. *See Stanley v. Marion,* No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. Jul. 16, 2004).

**Convenience of the Parties**

The convenience of the parties factor concerns the parties' "respective residences and abilities to bear the expense of trial in a particular forum." *Medi USA v Jobst Inst., Inc.,* 791

F. Supp. 208, 210 (N.D. Ill. 1992). The *McCants* plaintiffs both live in North Carolina, four of the *Jeneault* plaintiffs live in New York and one lives in Georgia. Thus, trying *McCants* in North Carolina and *Jeneault* in New York would be more convenient for and less costly to plaintiffs than trying the cases here. *See Clearclad Coatings, Inc. v. Xontal, Ltd.*, No. 98 C 7119, 1999 WL 652030, at *11 (N.D. Ill. Aug. 20, 1999) ("It is axiomatic that litigating outside of one's home forum is always more burdensome than litigating at home."). Accordingly, the convenience of the parties factor favors transfer.

**Convenience of the Witnesses**

To assess this factor, the Court considers the number of witnesses located in each forum and the importance of their testimony. *First Nat'l Bank v. El Camino Resources, Ltd.,* 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). Because the resolution of plaintiffs' claims depends largely on CHRW's pay practices and the work plaintiffs and other CHRW employees perform, plaintiffs and other current or former CHRW employees will undoubtedly testify at trial. But this factor is not focused on the parties' convenience or that of the employees whom they control. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *2 (N.D. Ill. Mar. 22, 2004) (stating that the resolution of this factor "hinges on the relative inconvenience of non-party witnesses with significant testimony"). Neither party has identified any third-party witnesses whose testimony will be necessary for this case. Thus, the convenience of witnesses factor has no impact on the transfer analysis in this case.

**Speed to Trial**

To assess this factor, the Court turns to the Federal Court Management Statistics. For the twelve-month period ending September 30, 2006, the median time from filing to disposition was 6.5 months in this district, 13.3 months in the Northern District of New York and 9.8 months in the Western District of North Carolina. *See* Admin. Office of the U.S. Courts, Federal Court Management Statistics (2006) available at http://www.uscourts.gov/cgi-bin/cmsd2006.pl. The median time from filing to trial for the twelve-month period ending September 30, 2005, the most recent period for which complete information is available, was 27 months in this district, 31 months in the Northern District of New York and 27 months in the Western District of North Carolina. *See id.* In other words, these cases will progress slightly faster if they are litigated in this district than if they are transferred. Thus, this factor weighs slightly against transfer.

**Familiarity with Applicable Law**

These cases are brought under a federal law with which all of the courts are familiar. Therefore, this factor has no impact on the analysis. *See Bryant v. ITT Corp.,* 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999).

**Desirability of Resolving Cases Where They Arise & Relationship to Community**

Because most of the plaintiffs live and work in New York and North Carolina, and because the material events giving rise to the disputes took place in those states, those states have a substantial interest in the resolution of this case. Further, it is in the public interest to have this dispute decided where it arose, and to have the local residents act as jurors for

5

the case. *See Doage v. Bd. of Regents,* 950 F. Supp. 258, 262 (N.D. Ill. 1997). Consequently, this factor weighs in favor of a transfer.

**Conclusion**

On balance, the private and public factors favor transferring these cases to the Western District of North Carolina and the Northern District of New York, respectively. Defendant's motions to transfer venue [doc. no. 14 (case no. 06 C 6556) & doc. no. 17 (case no. 06 C 6634)] are, therefore, granted. The Clerk of the Court is ordered to transfer the *McCants* case, No. 06 C 6556, to the Western District of North Carolina and the *Jeneault* case, No. 06 C 6634 , to the Northern District of New York.

**SO ORDERED.**                                    **ENTERED:**

*[signature: Ronald A. Guzman]*

---
**RONALD A. GUZMAN**
**United States District Judge**